**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ARTHUR L.,

                                        Plaintiff,

              - v -                                        Civ. No. 5:18-CV-304
                                                                    (FJS/DJS)

NANCY A. BERRYHILL, *Acting Comm'r of*
*Soc. Sec.*,

                                        Defendant.

---

**APPEARANCES:**                    **OF COUNSEL:**

OLINSKY LAW GROUP                HOWARD D. OLINSKY, ESQ.
Counsel for Plaintiff
300 South State Street
Suite 420
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.      MICHELLE L. CHRIST, ESQ.
OFFICE OF REG'L GENERAL COUNSEL
 - REGION II
Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

        Currently before the Court, in this Social Security action filed by Arthur L. against

the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g), are Plaintiff's

---

[1] This matter has been referred to the undersigned for a Report-Recommendation pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 72.

Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 10 & 13. For the reasons set forth below, it is recommended that Plaintiff's Motion be **denied**, Defendant's Motion be **granted**, the Commissioner's decision denying Plaintiff disability benefits be **affirmed**, and Plaintiff's Complaint be **dismissed**.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on September 1, 1971. Dkt. No. 9, Admin. Tr. ("Tr."), p. 91. Plaintiff reported having received an associate's degree in criminal justice. Tr. at p. 40. He has past work experience as a middle school custodian, lawn worker, and truck driver. Tr. at pp. 26 & 102-103. Plaintiff alleged disability due to diabetes, back problems, severe hypoglycemia with seizures, diabetic neuropathy, COPD, hypertension, anxiety and acid reflux. Tr. at pp. 91-92 & 105-106. He alleged a disability onset date of April 11, 2014. Tr. at p. 91.

### B. Procedural History

Plaintiff filed for Disability Insurance Benefits and Supplemental Security Income on March 30, 2015. Tr. at p. 13. Plaintiff was denied benefits, and upon Plaintiff's request, a hearing was held on June 14, 2017 before Administrative Law Judge ("ALJ") Elizabeth Koennecke. Tr. at pp. 36-60. On August 11, 2017, the ALJ issued a written determination finding Plaintiff not disabled. Tr. at pp. 13-27. Plaintiff appealed the determination, and the Appeals Council denied Plaintiff's request for review, making the

ALJ's determination the final decision of the Commissioner.  Tr. at pp. 1-5.  Plaintiff then commenced this action.  Dkt. No. 1.

### C.  The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law.  First, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2020.  Tr. at p. 16.  The ALJ next found Plaintiff had not engaged in substantial gainful activity since April 11, 2014, the alleged onset date. Tr. at p. 17.  The ALJ found that Plaintiff had the following severe impairments: a back impairment, diabetes mellitus with diabetic neuropathy, and a respiratory impairment.  *Id.* The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. at p. 20.  In reaching that conclusion, the ALJ considered Listings 1.04, 3.02, and 11.14.  *Id.*  The ALJ next determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of sedentary work. Tr. at p. 21.  Next, the ALJ determined that Plaintiff was unable to perform any past relevant work.  Tr. at p. 25.  The ALJ found that Plaintiff was born in 1971, which is defined as a younger individual, has at least a high school education and is able to communicate in English.  Tr. at p. 26.  The ALJ found that transferability of job skills is not an issue in this case.  *Id.*  The ALJ then determined that, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, and that

Plaintiff was not under a disability from April 11, 2014, through the date of the ALJ's decision.  Tr. at pp. 26-27.

### D.  The Parties' Briefings on Their Cross-Motions

In his brief, Plaintiff makes three arguments.  First, he contends that the ALJ erred in excluding evidence from the administrative record because it was not timely submitted. Dkt. No. 10, Pl.'s Mem. of Law, pp. 11-14.  Second, Plaintiff objects to the ALJ's RFC determination on the ground that it failed to include a limitation on Plaintiff's ability to sit and stand which he contends is medically necessary.  *Id.* at pp. 14-18.  Plaintiff makes a related argument that had the RFC properly included such a limitation, the ALJ would have been required to obtain the testimony of a vocational expert regarding Plaintiff's ability to work.  *Id.* at p. 18.  Finally, Plaintiff contends that the ALJ erred in not giving the opinion of his treating physician greater weight, that she erred in her weighing of the opinion evidence, and that she failed to properly account for Plaintiff's subjective complaints of pain.  *Id.* at pp. 18-23.

In response, Defendant contends that the ALJ reasonably exercised her discretion to exclude evidence from the record that had not been timely submitted under the Social Security Administration's regulations.  Dkt. No. 13, Def.'s Mem. of Law, pp. 2-5. In addition, Defendant contends that the ALJ properly evaluated the entire record, including the various medical opinions, and that the ALJ's RFC determination is supported by substantial evidence.  *Id.* at pp. 8-14.

## II.  RELEVANT LEGAL STANDARD

### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).    Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).   "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  20 C.F.R. §§ 404.1520 & 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines

whether there is other work which the claimant could perform.  Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III.  ANALYSIS

### A.  Evidence from Dr. Rotella

Plaintiff first raises an issue regarding the ALJ's failure to consider evidence he sought to introduce less than five days before the hearing was set to begin.  Specifically, he alleges that the ALJ improperly excluded evidence under the regulation requiring a claimant to provide all evidence at least five days before a hearing with the ALJ.  Pl.'s Mem. of Law at pp. 11-14.

Under applicable regulations Plaintiff was obligated "to ensure that the administrative law judge receives all of the evidence . . . no later than 5 business days before the date of the scheduled hearing."  20 C.F.R. §§ 404.935(a) & 416.1435(a).  The material at issue here was admittedly offered as evidence just the day prior to the scheduled administrative hearing.  *See* Pl.'s Mem. of Law at p. 12.  "The Five-Day Rule permits an ALJ to decline to consider evidence not submitted at least five business days before the claimant's administrative hearing, unless certain exceptions apply."  *Midkiff v. Berryhill*, 2019 WL 1258845, at *1 (S.D.W. Va. Mar. 19, 2019) (internal citations omitted).  Under the regulations those exceptions apply when:

(1) Our action misled you;

(2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or

(3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:

(i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;

(ii) There was a death or serious illness in your immediate family;

(iii) Important records were destroyed or damaged by fire or other accidental cause; or

(iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing.

20 C.F.R. §§ 404.935(b) & 416.1435(b).

Plaintiff makes no argument that either subdivisions one or two apply to these circumstances.   He instead argues that the Regulation should not apply to the medical source statement which "did not actually exist prior to the deadline,"  Pl.'s Mem. of Law at p. 12, and that he, in any event, acted diligently in seeking the information from Dr. Rotella.  Pl.'s Mem. of Law at p. 3.   Neither argument is persuasive.

To accept Plaintiff's contention that Dr. Rotella's medical source statement did not "exist" until it was faxed by the doctor's office to Plaintiff's counsel on June 13, 2017 would elevate form over substance and permit litigants to render the five-day rule entirely superfluous.   Medical source statements are not routine medical records and so to the extent Plaintiff's counsel had sought the statement from Dr. Rotella sooner, it would have come into existence sooner.  Plaintiff did not seek the statement until June 1, 2017.  Tr. at p. 393.  It is thus not surprising that it was not finalized until two weeks later.  That, however, is not a basis for finding that this type of document, so common in these types

8

of proceedings, can be exempted from timely disclosure by the mere expedient of being sought so close to the five day notice deadline.

Counsel otherwise seeks to rely on the exception to the rule for parties who have "actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing." 20 C.F.R. §§ 404.935(b)(3)(iv) & 416.1435(b)(3)(iv). As noted, Plaintiff did not seek a medical source statement from Dr. Rotella until June 1, 2017. Tr. at p. 393. Plaintiff had been on notice of the hearing date since at least March 13, 2017. Tr. at pp. 163 & 188. The ALJ found that the delay was "inexcusably late" and declined to admit the evidence. Tr. at p. 14. The Court concludes that in light of the delay in seeking records of roughly two and a half months from the notice of the hearing date, the ALJ did not err in concluding that counsel had not "actively and diligently" sought this evidence and, therefore, finds no error in the ALJ's determination that an exception to the five-day rule had not been satisfied.

Plaintiff argues in the alternative that notwithstanding the five day rule the ALJ was under an affirmative duty to complete the record by admitting the remainder of Dr. Rotella's records. Pl.'s Mem. of Law at p. 13. It is true that courts have traditionally recognized that the ALJ has an affirmative duty to develop a complete medical record. *Ventura v. Colvin*, 2016 WL 5462822, at *2 (N.D.N.Y. Sept. 29, 2016). In adopting the five-day rule, the Social Security Administration specifically sought to "appropriately balance the twin concerns of fairness and efficiency." Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process, 81 FR

90987, 90990, 2016 WL 7242991 (Dec. 16, 2016).  It also specifically addressed concerns that the rule would be inconsistent with the general understanding that an ALJ's decision should be based on all available evidence by noting its hope that this rule would "ensure claimants have the benefit of a fully developed record at the time our ALJs conduct their hearings."  *Id.*  The Social Security Administration, therefore, clearly considered this issue in implementing the five-day rule.  To say that the ALJ was required to admit and consider this evidence despite the fact that it was not submitted in compliance with the five-day rule would make that rule an empty vessel that need not be complied with.

Accordingly, the Court recommends that the District Court find that exclusion of certain evidence from Dr. Rotella is not a basis for relief.

## B. The RFC Determination

Plaintiff next objects to the ALJ's RFC determination insofar as it failed to include a limitation on Plaintiff's ability to sit or stand.  Pl.'s Mem. of Law at pp. 14-18.  The ALJ found that Plaintiff has an RFC for a full range of sedentary work.  Tr. at p. 21. Sedentary work is defined as work involving sitting and "a certain amount of walking." 20 C.F.R. §§ 404.1567(a) & 416.967(a).  Plaintiff claims that the record established a restricted ability to sit and stand which required that the RFC provide a corresponding limitation.  Pl.'s Mem. of Law at p. 16.  He alleges the failure to do so warrants remand. *Id.*

When assessing a claimant's RFC, an ALJ is entitled to rely on opinions from both examining and non-examining State agency medical consultants because these consultants are qualified experts in the field of social security disability.

404.1513a; *see also Frey ex rel. A.O. v. Astrue*, 485 Fed. Appx. 484, 487 (2d Cir. 2012) ("The report of a State agency medical consultant constitutes expert opinion evidence which can be given weight if supported by medical evidence in the record."); *Little v. Colvin*, 2015 WL 1399586, at *9 (N.D.N.Y. Mar. 26, 2015) ("State agency physicians are qualified as experts in the evaluation of medical issues in disability claims. As such, their opinions may constitute substantial evidence if they are consistent with the record as a whole.") (internal quotation marks omitted).

The ALJ has the responsibility of reviewing all the evidence, resolving inconsistencies, and making a determination consistent with the evidence as a whole. *See Bliss v. Colvin*, 2015 WL 457643, at *7 (N.D.N.Y. Feb. 3, 2015) ("It is the ALJ's sole responsibility to weigh all medical evidence and resolve material conflicts where sufficient evidence provides for such."); *Petell v. Comm'r of Soc. Sec.*, 2014 WL 1123477, at *10 (N.D.N.Y. Mar. 21, 2014) (same). The RFC determination "must be set forth with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). "[I]t is not the function of the reviewing court to reweigh the evidence." *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. Aug. 12, 1993) (citing *Carroll v. Sec. of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).

"Under the C.F.R., 'sedentary work' involves lifting no more than ten pounds, frequent sitting, and occasional walking and standing." *Payne v. Apfel*, 1999 WL 92509, at *5 (S.D.N.Y. Feb. 18, 1999). Dr. Ganesh, whose opinion was given partial weight by the ALJ, found that Plaintiff had no gross limitations involving sitting or standing. Tr. at

p. 763.  Kennett Carter, a physical therapist on whom Plaintiff relies heavily, found that Plaintiff could frequently sit and occasionally stand.  Tr. at p. 1083.  The ability to sit "frequently" is consistent with the ability to do a full range of sedentary work.  *Empson v. Colvin*, 2014 WL 6065751, at *6 (W.D.N.Y. Nov. 13, 2014); *Johnson v. Astrue*, 2010 WL 5573632, at *16 (S.D.N.Y. Dec. 3, 2010), *report and recommendation adopted*, 2011 WL 102692 (S.D.N.Y. Jan. 11, 2011).  "Jobs are sedentary if walking and standing are required occasionally."  20 C.F.R. §§ 404.1567(a) & 416.967(a); *see also Payne v. Apfel*, 1999 WL 92509, at *5.  These two opinions clearly provide substantial evidence for the ALJ's conclusion that Plaintiff could perform the full range of sedentary work.

Plaintiff correctly points to other evidence suggesting some limitations in his ability to sit and stand.  *See*, *e.g.*, Tr. at pp. 636 & 952.  However, "it was within the ALJ's purview to review the opinions of record and weigh them accordingly along with Plaintiff's testimony, reports, and treatment history to determine her RFC."  *Nesiba O. v. Comm'r of Soc. Sec.*, 2019 WL 464882, at *7 (N.D.N.Y. Feb. 6, 2019) (citing cases).  The ALJ has broad discretion when weighing conflicting evidence in the record.  *Rayder v. Comm'r of Soc. Sec.*, 2016 WL 1090582, at *9 (N.D.N.Y. Mar. 18, 2016) (citing *Matta v. Astrue*, 508 Fed. Appx. 53, 56 (2d Cir. 2013); *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012)).   To the extent Plaintiff's arguments ask the Court to do so, I recommend the Court decline the invitation to reweigh the evidence before the ALJ.  *Warren v. Comm'r of Soc. Sec.*, 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016), *report and recommendation adopted*, 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016) (quoting *Lefford v. McCall*, 916 F. Supp. 150, 155 (N.D.N.Y. 1996)) ("When applying

the substantial evidence test to a finding that a plaintiff was not disabled, the Court 'will not reweigh the evidence presented at the administrative hearing . . . nor will it determine whether [the applicant] actually was disabled. [Rather], [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it.'); *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("[I]t is not the function of the reviewing court to reweigh the evidence.") (citing *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).

Plaintiff argues that "it is inexcusable error that the ALJ did not account for the entirety of [the physical therapist's] assessment" because the ALJ gave Carter's opinion significant weight. Pl.'s Mem. of Law at p. 16. For the reasons discussed above, it is unclear that the ALJ did fail to fully take account of Carter's opinion, but in any event, it is well established that the mere fact that the ALJ gives weight to a particular opinion does not require him to adopt each and every limitation identified in that opinion in his RFC determination. *Crumedy v. Comm'r of Soc. Sec.*, 2017 WL 4480184, at *5 (N.D.N.Y. Oct. 6, 2017) (citing cases); *Schad v. Comm'r of Soc. Sec.*, 2016 WL 1622799, at *6 (N.D.N.Y. Mar. 29, 2016), *report and recommendation adopted sub nom. Schad v. Colvin*, 2016 WL 1627658 (N.D.N.Y. Apr. 22, 2016) (citing *Matta v. Astrue*, 508 Fed. Appx. 53, 56 (2d Cir. 2013)) ("An ALJ does not have to strictly adhere to the entirety of one medical source's opinion."); *Kitka v. Comm'r of Soc. Sec.*, 2016 WL 825259, at *9 (N.D.N.Y. Feb. 9, 2016) ("There is no requirement that the ALJ accept every limitation in the opinion of a consultative examiner.").

The Court recommends finding no error in the ALJ's RFC determination regarding Plaintiff's ability to sit or stand.[2]

## C. The ALJ's Weighing of the Medical Opinions

Plaintiff's final argument is that the ALJ failed to properly weigh the medical opinion evidence. Pl.'s Mem. of Law at pp. 18-23. For the reasons set forth below, it is recommended that none of the arguments advanced by Plaintiff in this regard are a basis for relief.

### 1. Evaluation of Treating Physician Opinions

Plaintiff first argues that the ALJ erred in according only partial weight to the opinions of Doctors Distefano and Trusilo, two of Plaintiff's treating providers. *Id.* at pp. 19-21. The opinions of these two providers were afforded "partial weight" by the ALJ. Tr. at pp. 23 & 25. Plaintiff contends that it was error to provide the opinion of Plaintiff's physical therapist greater weight than these providers. Pl.'s Mem. of Law at pp. 19-21.

Under the Regulations, a treating physician's opinion as to the nature and severity of a claimant's impairment is entitled to "controlling weight" when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2) & 416.927(c)(2); *see also Rosa v. Callahan*, 168 F.3d 72, 78-79 (2d Cir. 1999). "In order to override the opinion of the treating physician . . . the ALJ must

---

[2] Plaintiff also claims had a sitting/standing limitation been included in the RFC the ALJ would have been under an obligation to call a vocational expert to testify and that the failure to do so is an additional ground for reversal. Because the Court recommends finding that the RFC was supported by substantial evidence, there is no need to reach that issue.

explicitly consider, *inter alia*: (1) the frequently, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013). In the event the ALJ does not give controlling weight to the treating physician, he must specifically state the reasons for doing so. 20 C.F.R. §§ 404.1527(c)(2) & 416.927(c)(2).

There is no question that the ALJ specifically addressed a number of the relevant factors under the treating physician rule. The regulations require consideration of the supportability and consistency of the opinion in light of the other medical evidence in the record. 20 C.F.R. §§ 404.1527(c)(3)-(4) & 416.927(c)(3)-(4). In her decision, the ALJ noted that while Dr. Trusilo's opinion indicated an inability to sit, walk, bend or reach, other evidence in the record suggested that Plaintiff often spent his day sitting watching television or reading or playing with his dog. Tr. at p. 23. This clearly highlighted inconsistencies in the record evidence on which the ALJ found a basis for providing this opinion less weight. *Id.* Though discussed in less detail, the ALJ also noted that Dr. Distefano's opinion was given weight only to the extent that it was supported by the objective medical evidence. Tr. at p. 25. This is sufficient to satisfy the ALJ's obligation to specifically address the consistency and supportability factors. The ALJ also recognized that Plaintiff had a longstanding treatment history with both providers. Tr. at pp. 23 & 25. The ALJ did not make any specific reference to the specialty of either of these providers, but "[w]here an ALJ's reasoning and adherence to the Regulations is clear, she is not required to explicitly go through each and every factor of the Regulation."

*Smith v. Comm'r of Soc. Sec.*, 2018 WL 1684337, at *5 (N.D.N.Y. Apr. 5, 2018) (citations omitted); *see also Shaffer o/b/o Z.L.S.R. v. Colvin*, 2016 WL 8469638, at *3 (N.D.N.Y. Sept. 29, 2016) (citing cases) (Courts have recognized that "the Second Circuit has indicated that it does not require recitation of each and every factor where the ALJ's reasoning and adherence to the regulation are clear" and "that there may be circumstances when the ALJ's failure to apply the treating source rule properly may be harmless error.").

The Regulations require that every medical opinion, regardless of its source, be considered and weighed. *See, e.g.*, 20 C.F.R. § 416.927(c). The "ALJ has the discretion to give certain medical opinions more weight than others." *Thogode v. Colvin*, 2015 WL 5158733, at *9 (N.D.N.Y. Sept. 2, 2015) (citing *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000)). In deciding what weight, if any, an ALJ should accord to medical opinions, he may consider a variety of factors including "[t]he duration of a patient-physician relationship, the reasoning accompanying the opinion, the opinion's consistency with other evidence, and the physician's specialization or lack thereof[.]" *See Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993) (discussing 20 C.F.R. § 416.927). The Regulations require the ALJ "to explain the weight he has chosen to give to each medical opinion." *Peryea v. Comm'r of Soc. Sec.*, 2014 WL 4105296, at *9 (N.D.N.Y. Aug. 20, 2014). In the present case, the ALJ specifically explained her basis for the varying weight she afforded to each of the opinions discussed by Plaintiff and the Court finds that there is no error in the weighing of these opinions.

## 2. *Plaintiff's Testimony Regarding Pain*

Plaintiff also alleges that the ALJ failed to properly account for Plaintiff's testimony involving pain. Pl.'s Mem. of Law at pp. 21-23. The Court recommends finding that this is also no basis for relief.

Subjective pain will be considered in determining a claim for disability to the extent in which "symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Symptoms such as pain are to be considered by the ALJ at all steps of the disability determination. *See, e.g.*, 20 C.F.R. § 404.1529(a) & (d). A claimant's statements about the persistence, intensity, and limiting effects of these symptoms are evaluated in the context of all objective medical evidence, which includes medical signs and laboratory findings. 20 C.F.R. § 404.1529(c)(4). Once medically objective evidence is submitted, the ALJ must identify the severity of the pain and whether that pain will limit the claimant's ability to work. 20 C.F.R. § 404.1529(c). In a case where subjective symptoms are identified, the ALJ has "to arrive at an independent judgment, in light of the medical findings and other evidence, regarding the true extent of the pain alleged." *Brandon v. Bowen*, 666 F. Supp. 604, 608 (S.D.N.Y. 1987).

Here, the ALJ did not entirely reject Plaintiff's subjective complaints of pain. She found that Plaintiff's complaints of pain were to some extent consistent with limitations on his abilities, but that the extent of the claimed limitations was not consistent with the objective medical evidence. Tr. at p. 22. In reaching that conclusion, the ALJ's decision discusses at some length Plaintiff's complaints of pain and the extent to which those complaints are inconsistent with his daily activities. Tr. at pp. 22-23. The ALJ also

discussed Plaintiff's treatment history and the opinions of his medical providers.  Tr. at pp. 22-25.  Doing so was entirely consistent with applicable regulations.  20 C.F.R. § 404.1529(c)(3) (listing relevant considerations in evaluating pain).  The ALJ's discussion of the factors supported her conclusion that Plaintiff's statements should be only partially credited.  *See Fisher v. Colvin*, No. 2016 WL 8677160, at *12 (N.D.N.Y. Mar. 11, 2016), *report and recommendation adopted*, 2016 WL 1248900 (N.D.N.Y. Mar. 29, 2016).  "While the ALJ may not have expressly stated the weight he did or did not give Plaintiff's testimony on various points, 'the ALJ did discuss the testimony in such a way as to make it clear to a reviewer of the decision that he discredited [Plaintiff's] opinion.'" *Briggs v. Colvin*, 2016 WL 344973, at *8 (N.D.N.Y. Jan. 27, 2016) (quoting *Phelps v. Colvin*, 20 F. Supp. 3d 392, 404 (W.D.N.Y. 2014)).

Accordingly, the Court recommends finding no basis for reversal as to the ALJ's weighing of the evidence.

## IV.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 10) be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 13) be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff benefits be **AFFIRMED**; and it is further

18

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   June 6, 2019
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge