**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**ARTHUR L.,**

         **Plaintiff,**

    v.               **5:18-CV-304
                        (FJS/DJS)**

**ANDREW SAUL, Commissioner of
Social Security,**

         **Defendant.**

---

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **OLINSKY LAW GROUP** <br> 300 South State Street, Suite 420 <br> Syracuse, New York 13202 <br> Attorneys for Plaintiff | **HOWARD D. OLINSKY, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION <br> OFFICE OF THE GENERAL COUNSEL** <br> 26 Federal Plaza, Room 3904 <br> New York, New York 10278-0004 <br> Attorneys for Defendant | **MICHELLE L. CHRIST, ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Pending before the Court is Magistrate Judge Stewart's June 6, 2019 Report-Recommendation and Order, *see* Dkt. No. 14, and Plaintiff's objections thereto, *see* Dkt. No. 15.

# II. DISCUSSION[1]

## A.  Magistrate Judge Stewart's recommendations

Magistrate Judge Stewart began his analysis by noting that Plaintiff had posited three arguments to support his motion: (1) "the ALJ erred in excluding evidence from the administrative record because it was not timely submitted"; (2) the ALJ's RFC determination "failed to include a limitation on Plaintiff's ability to sit and stand which he contends is medically necessary"; and (3) "the ALJ erred in not giving the opinion of his treating physician greater weight, that she erred in her weighing of the opinion evidence, and that she failed to properly account for Plaintiff's subjective complaints of pain." *See* Dkt. No. 14 at 4 (citations omitted).

### *1. Exclusion of certain evidence*

With regard to Plaintiff's first argument, Magistrate Judge Stewart noted that, "[u]nder applicable regulations, Plaintiff was obligated 'to ensure that the administrative law judge receives all of the evidence . . . no later than 5 business days before the date of the scheduled hearing.'" *See id.* at 7 (quoting 20 C.F.R. §§ 404.935(a) & 416.1435(a)).  "'The Five-Day Rule permits an ALJ to decline to consider evidence not submitted at least five business days before the claimant's administrative hearing, unless certain exceptions apply.'" *See id.* (quoting *Midkiff v. Berryhill*, 2019 WL 1258845, at *1 (S.D.W. Va. Mar. 19, 2019) (internal citations omitted)).

Plaintiff acknowledged that the material at issue was not offered as evidence until the day prior to the scheduled administrative hearing. *See id.* (citation omitted). Plaintiff, nonetheless,

---

[1] The Court assumes the parties' familiarity with the underlying facts of this case and, therefore, will not reiterate them herein.

argued that "the Regulation should not apply to the medical source statement which 'did not actually exist prior to the deadline,' . . . and that he, in any event, acted diligently in seeking the information from Dr. Rotella. . . ." *See id.* at 8 (internal citations omitted). Magistrate Judge Stewart found neither of these arguments persuasive. *See id.* He explained that "[t]o accept Plaintiff's contention that Dr. Rotella's medical source statement did not 'exist' until it was faxed by the doctor's office to Plaintiff's counsel on June 13, 2017 would elevate form over substance and permit litigants to render the five-day rule entirely superfluous." *See id.* He further explained that "[m]edical source statements are not routine medical records and so to the extent Plaintiff's counsel had sought the statement from Dr. Rotella sooner, it would have come into existence sooner." *See id.*

With regard to Plaintiff's argument that he "'actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing[,]' 20 C.F.R. §§ 404.935(b)(3)(iv) & 416.1435(b)(3)(iv), [Magistrate Judge Stewart noted that] Plaintiff did not seek a medical source statement from Dr. Rotella until June 1, 2017. . . . [even though] Plaintiff had been on notice of the hearing date since March 13, 2017. . . ." *See id.* at 9 (internal citations omitted). Thus, Magistrate Judge Stewart concluded "that[,] in light of the delay in seeking records of roughly two and a half months from the notice of the hearing date, the ALJ did not err in concluding that counsel had not 'actively and diligently' sought this evidence." *See id.* "[T]herefore, [he found] no error in the ALJ's determination that an exception to the five-day rule had not been satisfied." *See id.*

With regard to Plaintiff's alternative argument that, notwithstanding the five-day rule the ALJ had an affirmative duty to complete the record by admitting the remainder of Dr. Rotella's records, Magistrate Judge Stewart found that "[t]he Social Security Administration . . . clearly

considered this issue in implementing the five-day rule [and] [t]o say that the ALJ was required to admit and consider this evidence despite the fact that it was not submitted in compliance with the five-day rule would make that rule an empty vessel that need not be complied with." *See id.* at 10.

For all these reasons, Magistrate Judge Stewart recommended that this Court "find that exclusion of certain evidence from Dr. Rotella is not a basis for relief." *See id.*

### *2. ALJ's RFC Determination*

With regard to Plaintiff's objection to the ALJ's RFC determination insofar as it failed to include a limitation on Plaintiff's ability to sit or stand, Magistrate Judge Stewart found that there was substantial evidence in the record to support the ALJ's finding that Plaintiff had an RFC for a full range of sedentary work. *See* Dkt. No. 14 at 12. In particular, he noted that the ALJ had given partial weight to the opinion of Dr. Ganesh, who found that Plaintiff had no gross limitations involving sitting or standing. *See id.* at 11 (citing Tr. at p. 763). Furthermore, he noted that "Kennett Carter, a physical therapist on whom Plaintiff relie[d] heavily, found that Plaintiff could frequently sit and occasionally stand." *See id.* at 12 (citing Tr. at p. 1083). Magistrate Judge Stewart concluded that "[t]he[se] two opinions clearly provide substantial evidence for the ALJ's conclusion that Plaintiff could perform the full range of sedentary work." *See id.*

Magistrate Judge Stewart also noted that Plaintiff had correctly pointed to other evidence in the record that suggested some limitations in his ability to sit and stand. *See id.* (citing Tr. at pp. 636 & 952). However, he concluded that "'it was within the ALJ's purview to review the opinions of record and weigh them accordingly along with Plaintiff's testimony, reports, and treatment history to determine h[is] RFC.'" *See id.* (quoting *Nesiba O. v. Comm'r of Soc. Sec.*, 2019 WL

464882, at *7 (N.D.N.Y. Feb. 6, 2019) (citing cases)). Moreover, Magistrate Judge Stewart stated that, "[t]o the extent Plaintiff's arguments ask the Court to do so, [he] recommend[ed] the Court decline the invitation to reweigh the evidence before the ALJ." *See id.* (citing *Warren v. Comm'r of Soc. Sec.*, 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016), *report and recommendation adopted*, 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016) (quoting *Lefford v. McCall*, 916 F. Supp. 150, 155 (N.D.N.Y. 1996)) ("When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court 'will not reweigh the evidence presented at the administrative hearing . . . nor will it determine whether [the applicant] actually was disabled. [Rather], [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it."); *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("[I]t is not the function of the reviewing court to reweigh the evidence.") (citing *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).

Finally, with regard to Plaintiff's argument that it was "'inexcusable error that the ALJ did not account for the entirety of [the physical therapist's] assessment,' because the ALJ gave [his] opinion significant weight[,[" *see id.* at 13 (quoting Pl.'s Mem. of Law at p. 16), Magistrate Judge Stewart stated that it was "unclear that the ALJ did fail to fully take account of [physical therapist] Carter's opinion, but in any event, it is well established that the mere fact that the ALJ gives weight to a particular opinion does not require him to adopt each and every limitation identified in that opinion in his RFC determination." *See id.* (citations omitted).

For all these reasons, Magistrate Judge Stewart recommended that this Court "find[] no error in the ALJ's RFC determination regarding Plaintiff's ability to sit and stand." *See id.* at 14 (footnote omitted).

### *3. Weight given to opinion evidence*

With regard to Plaintiff's argument that the ALJ had not properly weighed the medical opinion evidence, Magistrate Judge Stewart noted that Plaintiff argued specifically "that the ALJ had erred in according only partial weight to the opinions of Doctors Distefano and Trusilo, two of his treatment providers[,]" and that the ALJ erred in "provid[ing] the opinion of [his] physical therapist greater weight than these providers." *See* Dkt. No. 14 at 14 (citations omitted).

Magistrate Judge Stewart found that "[t]here [was] no question that the ALJ specifically addressed a number of the relevant factors under the treating physician rule." *See id.* at 15. Moreover, "[t]he regulations require consideration of the supportability and consistency of the opinion in light of the other medical evidence in the record." *See id.* (citing 20 C.F.R. §§ 404.1527(c)(3)-(4) & 416.927(c)((3)-(4)).

Magistrate Judge Stewart stated that, "[i]n her decision, the ALJ noted that while Dr. Trusilo's opinion indicated an inability to sit, walk, bend or reach, other evidence in the record suggested that Plaintiff often spent his day sitting watching television or reading or playing with his dog." *See id.* (citing Tr. at p. 23). Magistrate Judge Stewart found that "[t]his clearly highlighted inconsistencies in the record evidence on which the ALJ found a basis for providing this opinion less weight." *See id.* (citation omitted).

Magistrate Judge Stewart also found that, "[t]hough discussed in less detail, the ALJ also noted that Dr. Distefano's opinion was given weight only to the extent that it was supported by the objective medical evidence. . . . This is sufficient to satisfy the ALJ's obligation to specifically address the consistency and supporting factors." *See id.* (internal citation omitted). Magistrate Judge Stewart concluded that "the ALJ specifically explained her basis for the varying weight she

afforded to each of the opinions discussed by Plaintiff" and found that the ALJ did not err in the weighing of these opinions. *See id.* at 16.

Magistrate Judge Stewart also addressed Plaintiff's argument that the ALJ had not properly accounted for his testimony involving pain. *See id.* at 17 (citation omitted). Magistrate Judge Stewart noted that "the ALJ did not entirely reject Plaintiff's subjective complaints of pain. She found that Plaintiff's complaints of pain were to some extent consistent with limitations on his abilities, but that the extent of the claimed limitations was not consistent with the objective medical evidence." *See id.* He also noted that, [i]n reaching [her] conclusion, the ALJ . . . discusse[d] at some length Plaintiff's complaints of pain and the extent to which those complaints [were] inconsistent with his daily activities. . . ." *See id.* (internal citations omitted). "The ALJ also discussed Plaintiff's treatment history and the opinions of his medical providers." *See id.* at 17-18 (citation omitted). Magistrate Judge Stewart found that "[d]oing so was entirely consistent with applicable regulations. . . . The ALJ's discussion of the factors supported her conclusion that Plaintiff's statements should be only partially credited. . . ." *See id.* at 18 (internal citations omitted). Therefore, Magistrate Judge Stewart recommended that this Court find "no basis for reversal as to the ALJ's weighing of the evidence." *See id.*

After addressing all of Plaintiff's arguments, Magistrate Judge Stewart ultimately recommended that the Court deny Plaintiff's motion for judgment on the pleadings, grant Defendant's motion for judgment on the pleadings, affirm the ALJ's decision and dismiss Plaintiff's complaint. *See id.*

**B.    Plaintiff's objections**[2]

Plaintiff's objections are two-fold. First, Plaintiff argues that the Court should reject Magistrate Judge Stewart's finding that the ALJ's RFC determination was supported by substantial evidence even though the ALJ improperly ignored a limitation asserted in several medical source opinions, one of which she accorded great weight. *See* Dkt. No. 15 at 1-3. Second, Plaintiff asserts that the Court should reject Magistrate Judge Stewart's determination that the ALJ properly weighed opinion evidence. *See id.* at 3-4.

With regard to his first objection, Plaintiff asserts that, as he addressed in his memorandum of law in support of his motion, "the ALJ failed to explain her reasoning for not including th[e sit/stand] limitation in her RFC determination in her decision." *See* Dkt. No. 15 at 1 (citation omitted). Plaintiff argues that "[t]his is error requiring remand." *See id.* Plaintiff further contends that, in addition to opining that Plaintiff could frequently sit, "Therapist Carter also opined that Plaintiff's ability to complete sedentary work [was] subject to the limitation that Plaintiff be allowed to change position as needed." *See id.* at 1-2 (citing Dkt. No. 10 at 9; Administrative Transcript ("T") at 1083). Plaintiff claims that "[n]either the ALJ, nor the Magistrate Judge, addressed that Therapist Carter specifically limited his opinion regarding Plaintiff's ability to perform sedentary work to require a sit/stand limitation." *See id.* at 2. Plaintiff asserts that "[t]his failure to explain the ALJ's reasoning in not including this limitation is error." *See id.* (citing Social Security Ruling ("SSR") 96-8p ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted"); *Dioguardi v. Comm'r of Soc. Sec.*, 445

---

[2] Plaintiff did not object to Magistrate Judge Stewart's recommendation that this Court find that the ALJ did not err when she excluded certain evidence from the record because it was not filed in accordance with the five-day rule.

F. Supp. 2d 288, 297 (W.D.N.Y. 2006) ("The plaintiff here is entitled to know why the ALJ chose to disregard portions of the medical opinions that were beneficial to her application for benefits"); *Peterson v. Astrue*, 2 F.upp.3d [sic] 223, 234-35 (N.D.N.Y. 2012) (When the ALJ fails to explain the inconsistency of a favorable weighed opinion with his RFC determination, remand is required)) (other citations omitted).

Plaintiff also asserts that, although Magistrate Judge Stewart is correct that the ALJ is not required to include all limitations, even from an opinion granted great weight, "this does not eradicate the ALJ's duty to properly explain why she failed to include a limitation that is repeatedly addressed throughout the record and included in the opinion granted great weight." *See id.* at 3. Plaintiff argues that, because "the ALJ failed to address the need for a sit/stand limitation anywhere in her decision, this Court cannot conduct a meaningful review to determine if the proper legal standards were applied in rejecting this limitation." *See id.* (citing *Hamedallah*, 876 F. Supp. 2d at 142 (quoting *Morgan on Behalf of Morgan v. Chater*, 913 F. Supp. 184, 188-189 (W.D.N.Y. 1996)); (citing *Bishop*, 2017 WL 4512163, at *6-7 (This Court found that even if the overall evidence supports the ALJ's finding of a lesser limitation than the one opined, "the ALJ still provided no explanation for declining to accept the greater limitations that appear to be supported by the teacher's opinion despite declaring this opinion was well supported by the evidence," and therefore remand was required)). For these reasons, Plaintiff argues that the Court should reject Magistrate Judge Stewart's "determination that the ALJ did not err in failing to address Plaintiff's need for a sit/stand limitation." *See id.*

With regard to his argument that the ALJ failed to weigh the opinion evidence properly, Plaintiff argues that his "report of activities of daily living generally should not be used as a basis

for limiting the weight granted to a treating physician[; and, therefore,] Magistrate [Judge Stewart] should have found that the ALJ improperly explained her reasoning for granting less weight to Plaintiff's treating physician." *See id.* at 4 (citing *Mahon v. Colvin*, No. 15-CV-02641 (PKC), 2017 WL 1232471, at *15 (E.D.N.Y. Mar. 21, 2017) (Heavy reliance on Plaintiff's reported daily activities did not provide a sufficient basis for discounting expert testimony of licensed psychiatrists and psychologists regarding Plaintiff's ability to sustain a job); *Nusraty v. Colvin*, 15-CV-2018, 2016 WL 5477588, *12 (E.D.N.Y. Sept. 29, 2016) ("Plaintiff's reports of her daily activities by themselves are not substantial evidence that she was not disabled and are insufficient to justify according [a treatment physician's] opinion limited weight", because "a claimant need not be an invalid to be found disabled")) (other citations omitted). Therefore, Plaintiff argues that this Court should reject Magistrate Judge Stewart's "determination that the ALJ was proper in determining that Dr. Trusilo's opinion was entitled to less weight" because that determination "was in opposition to the current legal standards." *See id.* at 4.

### C. Legal analysis[3]

#### *1. Standard of review*

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Furthermore, "[t]he district court 'may adopt those portions of the report to which no "specific, written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in

---

[3] All references to page numbers in the administrative record, *see* Dkt. No. 9, are to the Bates Stamp number located in the bottom right hand corner of the page.

those sections are not clearly erroneous or contrary to law.'" *Santiago v. Berryhill*, No. 17 Civ. 5149, 2018 WL 4387554, *4 (S.D.N.Y. Sept. 14, 2018) (quoting *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b) and citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

"'When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error.'" *Espada v. Lee*, No. 13 Civ. 8408 (LGS) (SN), 2016 WL 6810858, *2 (S.D.N.Y. Nov. 16, 2016) (quotation omitted). However, "[i]f a party timely objects to any portion of a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015) (quoting 28 U.S.C. § 636(b)(1)). Nevertheless, even when exercising *de novo* review, a "district court need not . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety." *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order).[4]

### *2. The ALJ's RFC determination and the weight she afforded medical opinion evidence*

Although the opinions of a physical therapist are not opinions from an "'acceptable medical source,'" *see Cascio v. Astrue*, No. 10 CV 5666 (FB), 2012 WL 123275, *3 (E.D.N.Y. Jan. 17, 2012) (citing 20 C.F.R. § 404.1513), as an "other source," a physical therapist's opinions "are

---

[4] As Defendant correctly points out, Plaintiff's objections mirror the arguments that he made in support of his motion for judgment on the pleadings, each of which Magistrate Judge Stewart addressed. Nonetheless, the Court will review the record *de novo*.

-11-

entitled to some weight," *Diaz v. Shalala*, 59 F.3d 307, 313-14 (2d Cir. 1995). However, as the Second Circuit has held, "'the ALJ has discretion to determine the appropriate weight to accord the [other source's] opinion based on all the evidence before him[.]" *Id.*; *see also* Social Security Ruling 06-3p, 2006 WL 2329939, *5 (S.S.A. Aug. 9, 2006) ("The evaluation of an opinion from a medical source who is not an 'acceptable medical source' depends on the particular facts of each case. Each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and a weighing of all of the evidence in that particular case.").

"A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled." *Knighton v. Astrue*, 861 F. Supp. 2d 59, 63 (N.D.N.Y. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). "Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence." *Id.* (citations omitted). "'Substantial evidence' is evidence that amounts to 'more than a mere scintilla,' and it has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971)). "Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *Id.* (citation omitted). "If supported by substantial evidence, the Commissioner's finding must be sustained 'even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's].'" *Id.* (quoting *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992)). "In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute 'its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result

upon a de novo review.'" *Id.* at 63-64 (quoting *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984)).

Pursuant to the regulations, the physical exertion requirements for "sedentary work" are as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567.

"Before assessing the claimant's RFC, the ALJ must consider the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." *Knighton*, 861 F. Supp. 2d at 66 (citing SSR 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996)). "In other words, the ALJ must make a function by function assessment of the claimant's ability to sit, stand, walk, lift, carry, push, pull, reach, handle, stoop, or crouch, based on medical reports from acceptable medical sources that include the sources' opinions as to the claimant's ability to perform each activity." *Id.* (citing 20 C.F.R. § 404.1513(c)(1); §§ 404.1569a(a), 416.969a(a); *Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999)). "The claimant's RFC can be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy only after the function-by-function analysis has been completed." *Id.* (citation omitted).

"The courts are divided as to whether the failure to provide a function-by-function analysis is *per se* grounds for remand or whether it may constitute harmless error." *Id.* (citations omitted). Under either standard, however, remand is warranted if the ALJ overlooks a significant limitation.

*See id.* (citing *Mardukhayev v. Comm'r of Social Sec.*, 2002 WL 603041, at *5 (E.D.N.Y. 2002) (internal citation omitted) ("failure to first make a function-by-function assessment of the individual's limitations or restrictions could result in the adjudicator overlooking some of an individual's limitations or restrictions.").

Social Security Ruling 96-9p elaborates on the Social Security Administration's policy with regard to evaluating the standing and walking element of "sedentary work" as follows:

> The full range of sedentary work requires that an individual be able to stand and walk for a total of approximately 2 hours during an 8-hour workday. If an individual can stand and walk for a total of slightly less than 2 hours per 8-hour workday, this, by itself, would not cause the occupational base to be significantly eroded. Conversely, a limitation to standing and walking for a total of only a few minutes during the workday would erode the unskilled sedentary occupational base significantly. For individuals able to stand and walk in between the slightly less than 2 hours and only a few minutes, it may be appropriate to consult a vocational resource.

Social Security Ruling 96-9p, 1996 WL 374185, *6 (July 2, 1996)

Furthermore, SSR 96-9p explains that

> In order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals. If an individual is unable to sit for a total of 6 hours in an 8-hour work day, the unskilled sedentary occupational base will be eroded. The extent of the limitation should be considered in determining whether the individual has the ability to make an adjustment to other work. *See Alternate sitting and standing* below.

*Id.*

> **Alternate sitting and standing**: An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. Where this need cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded. The extent of the

> erosion will depend on the facts in the case record, such as the
> frequency of the need to alternate sitting and standing and the length
> of time needed to stand. The RFC assessment must be specific as to
> the frequency of the individual's need to alternate sitting and standing.
> It may be especially useful in these situations to consult a vocational
> resource in order to determine whether the individual is able to make
> an adjustment to other work.

*Id.* at *7.

In determining Plaintiff's RFC, the ALJ reviewed the opinion evidence in the record. With regard to the sitting and standing limitations, she noted that Mara Morabito, N.P., whose notes were cosigned by Dr. Mary Trusilo, "determined that [Plaintiff] was 50% disabled and had lifting restrictions of 10-25% pursuant to said guidelines. This included lifting and or carrying objects weighing up to 10 pounds and occasionally lifting 25 pounds. She noted that a job in this category may involve minimal lifting and may require significant standing or waking [sic]. A sitting position may require pushing and pulling or leg controls. [Plaintiff] could not [sic] any prolonged standing, waking [sic], bending, reaching or sitting." *See* Dkt. No. 9 at 23 (citing Exhibit 4F, pages 1-2). The ALJ noted that, because Nurse Practitioner Morabito and Dr. Trusilo had a longitudinal relationship with Plaintiff, she had given their opinions "partial weight to the extent that their findings are supported by the record." *See id.* However, the ALJ noted that Nurse Practitioner Morabito and Dr. Trusilo had "applied Worker's Compensation Law standards which [were] inapplicable here." *See id.*

Next, the ALJ noted that Plaintiff had "advised the consultative examiners that he spent his days reading, watching television, listening to the radio and socializing." *See id.* (citing Exhibits 16F, page 2; and 17F, page 4). She opined that, "[g]iven that reading, watching television and listening to the radio are primarily sedentary activities, it would seem that prolonged sitting does

not cause [Plaintiff] such discomfiture that he is unable to socialize." *See id.* Therefore, the ALJ found "that the portion of Nurse Practitioner Morabito's and Dr. Trusilo's opinion which is supported by the record is that [Plaintiff] is capable of sedentary work." *See id.*

The ALJ then reviewed the evaluation of Plaintiff that independent medical examiner N. Rehmatullah, M.D. performed relative to Plaintiff's Worker's Compensation claim. *See id.* at 24. The ALJ noted that, "[b]ecause Dr. Rehmatullah had professional expertise and had an opportunity to examine [Plaintiff] on multiple occasions," she had given his opinion "partial weight to the extent that his findings [were] supported by the longitudinal record." *See id.* The ALJ also noted that "Dr. Rehmatullah found that [Plaintiff] was capable of some work [and that she] agree[d] with this assessment and [found] that [Plaintiff was] capable of work at the sedentary exertional level." *See id.*

The ALJ also addressed the opinion of Kennett T. Carter, a physical therapist, who performed an evaluation of Plaintiff's ability to perform work-related activities. *See id.* The ALJ noted that "[t]he results of this functional capacity evaluation indicate that [Plaintiff] is capable of performing work at the sedentary exertional level on a full-time basis." *See id.* The ALJ noted that she gave this opinion "the greatest weight because it [was] based upon objective testing with validity testing." *See id.* However, she also noted that "this test only really addressed [Plaintiff's] back impairment." *See id.*

Mr. Carter stated that the results of Plaintiff's functional capacity evaluation on May 14, 2015 reflected his "baseline residual functional capabilities [and] indicate[d] that [Plaintiff] demonstrate[d] the feasibility to perform work related tasks at the SEDENTARY Physical Demand Level." *See* Dkt. No. 9 at 1067. On a Functional Capacity Evaluation worksheet, Mr. Carter

indicated the following abilities under the heading "Repetitive & Static Work Ability": "sitting" as "frequent," "standing" as "occasional," and "walking" as "occasional." *See* Dkt. No. 9 at 1083.

The ALJ also discussed consultative examiner Dr. Kalyani Ganesh's evaluation of Plaintiff. The ALJ noted that Dr. Ganesh had "determined that [Plaintiff] had no gross limitation for sitting, standing or walking but had a mild to moderate limitation for lifting, carrying, pushing and pulling." *See* Dkt. No. 9 at 24-25 (citing Exhibit 16F). The ALJ gave Dr. Ganesh's opinion "partial weight to the extent that her findings [were] consistent with the objective medical evidence of record" because she had "professional as well as program expertise and had an opportunity to examine" Plaintiff. *See id.* at 25. The ALJ also found that "the portions of Dr. Ganesh's opinion which are supported by the record are that [Plaintiff] is capable of performing work at the sedentary exertional level." *See id.*

Finally, the ALJ reviewed the August 3, 2015 treatment notes of Thomas Van Arnam, P.A., cosigned by Dr. Richard Distefano, which "had work restrictions which included no lifting grater than 5 pounds, no repetitive bending, no repetitive lifting, sit/stand as tolerated and sedentary work only." *See id.* at 25. The ALJ gave these opinions "partial weight to the extent that their findings [were] supported by the objective medical evidence of record. . . . As discussed above, objective testing established that [Plaintiff] was capable of work at the sedentary exertional level." *See id.* The ALJ, therefore, found that the portion of these opinions "which are consistent with the record are that [Plaintiff] is capable of work at the sedentary exertional level." *See id.*

Reviewing the record *de novo*, the Court finds that the ALJ's conclusion that Plaintiff had the RFC to perform a full range of sedentary work is supported by substantial evidence in the record. All of the medical opinions on which the ALJ relied support her conclusion that Plaintiff

could meet the exertional requirements of sedentary work. In addition, the opinion of Dr. Ganesh that Plaintiff had no gross limitations for sitting, standing or walking and the results of Mr. Carter's functional capacity evaluation of Plaintiff in which he concluded that Plaintiff could sit frequently, stand occasionally, and walk occasionally, as well as Plaintiffs testimony about his daily activities, constitute substantial evidence to support the ALJ's conclusion that Plaintiff could perform a full range of sedentary work.

As Plaintiff correctly points out, there is also evidence in the record that would support his position. However, where, as here, the evidence in the record is susceptible to more than one rational interpretation, this Court must uphold the ALJ's determination even if this Court's independent analysis of the evidence might differ from the ALJ's. Accordingly, the Court concludes that the ALJ applied the correct legal standards and that there is substantial evidence in the record to support the ALJ's determination that Plaintiff had the RFC to perform a full range of sedentary work.

### III. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Stewart's June 6, 2019 Report-Recommendation and Order, *see* Dkt. No. 14, is **ACCEPTED in its entirety for the reasons stated therein and in this Memorandum-Decision and Order**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 10, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 13, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: July 17, 2019
       Syracuse, New York

                                     Frederick J. Scullin, Jr.
                                     Senior United States District Judge